# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **TranSurety, LLC,** | **Civil No. 08-5746 (JRT/JJG)** |
| Plaintiff, | |
| v. | **REPORT** |
| | **AND** |
| **Stephen Cardot,** | **RECOMMENDATION** |
| **Synesi Group, Inc.,** | |
| Defendants. | |

This litigation came before the undersigned on April 23, 2009, on motions to dismiss by plaintiff Transurety (Doc. No. 21) and defendant Synesi Group (Doc. No. 29). TranSurety was represented by David D. Axtell, Esq. Defendant Stephen Cardot was represented by David E. Albright, Esq. Synesi Group (Synesi) was represented by Jodi L. Johnson, Esq. The motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(b).

Briefly put, this matter originates out of a dispute regarding the ownership of two patents. The inventors, Mr. Cardot (Cardot) and two others, founded a closely held corporation, Portogo, to commercially develop the patents. Portogo was subsequently renamed Synesi, but the entities are one and the same. Cardot purportedly assigned his interests in the patents to Synesi, which used those interests to secure credit. Synesi defaulted on the debts, and as a result, the patents were purportedly acquired by Transurety.

Transurety then commenced this litigation, for a declaratory judgment and other relief, in order to establish title to the patents. In his answer, Cardot advanced a crossclaim against Synesi and a counterclaim against Transurety. Through this pleading, Cardot raised several issues about

the assignments, and he also accused Synesi and Transurety of other wrongdoing. Rather than answer the crossclaim and counterclaim, Synesi and Transurety separately moved to dismiss the pleadings for failure to state a claim.

In their motions, Synesi and Transurety argued in significant part that the crossclaim and counterclaim violated Rule 8(a), for failure to provide a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" By an order on April 24, 2009, this Court stayed further ruling on the motions to dismiss so that this argument could be addressed. *See Thomas v. Independence Township*, 463 F.3d 285, 299 (3d Cir. 2006) (holding that, where a party moves to dismiss but also complains about the indefiniteness of pleadings, a court has discretion to require a more definite pleading).

This Court then turned to the standards for evaluating whether a pleading is indefinite. As the April 24 order explained, where a court or the parties must speculate about the nature of the causes of action, or the court or the parties must frame causes of action for the pleading party, the pleading is deficient. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). And when a more definite statement is ordered, a court may require the pleading party to state its causes of action in enumerated counts, in accordance with Rule 10(b). *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 983-84 (11th Cir. 2008).

The answer, as originally pleaded, fell short of these standards. This Court determined, in relevant part, that the answer did not distinguish the crossclaim from the counterclaim; that it did not differentiate between actors or link their wrongdoing to Synesi and Transurety; and that it did not identify causes of action in separately enumerated counts. The order required Cardot to cure his pleading, after which the parties were allowed to supplement their filings in connection with the motions to dismiss.

Cardot then filed an amended answer with a revised crossclaim and counterclaim. The parties have since completed supplemental briefing, and the motions to dismiss are now before this Court on their merits. But at this point, the pleadings remain indefinite.

Compared to the original, the amended answer perhaps does a better job of explaining the relationship between some wrongdoers and the parties. Notwithstanding this improvement, there remain several serious defects.

Though the amended answer now separates the crossclaim from the counterclaim, it does still not meaningfully distinguish the claims against Synesi and Transurety. For instance, the counterclaim contends that Transurety is liable for wrongdoing of Synesi, alleging several issues involving Synesi, yet the crossclaim consists of ten paragraphs without substantive allegations against Synesi. More importantly, the amended answer still fails to identify causes of action in separately enumerated counts.

To provide informed analysis on the motions to dismiss, this Court would have to frame the causes of action for Cardot; marshal the allegations in support of each claim; and then decide whether the claims have merit. Put another way, the amended answer does not supply any short and plain statement of facts showing how Cardot is entitled to relief, causing both this Court and the parties to speculate about the causes of action. These obstacles prevent meaningful analysis here.

The only issue, therefore, is the appropriate remedy for an indefinite pleading. If a party is ordered to cure an indefinite pleading but does not comply, a court may order that the pleading be dismissed with prejudice. *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (per curiam); *Koll v. Wayzata State Bank*, 397 F.2d 124, 126-27 (8th Cir. 1968); *see also*

Fed. R. Civ. P. 12(e).  Because of the significant deficiencies that remain in the amended answer,

this Court concludes that dismissal with prejudice is appropriate.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED THAT:**

1. Cardot's crossclaim and counterclaim be **DISMISSED WITH PREJUDICE.**

2. The motions to dismiss (Doc. Nos. 21, 29) be **DENIED AS MOOT.**

Dated this 4th day of June, 2009.

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge


## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **June 18, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.