UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRANSURETY, LLC, a Delaware Limited Liability Company,<br><br>       Plaintiff,<br><br>v.<br><br>STEPHEN CARDOT<br><br>      Defendant/Cross Claimant,<br><br>v.<br><br>SYNESI GROUP, INC., a Minnesota corporation,<br><br>      Defendant/Cross Defendant. | Civil No. 08-5746 (JRT/JJG)<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

> David D. Axtell, James G. Bullard, and Erik M. Drange, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiffs.
>
> David E. Albright, **DAVID E. ALBRIGHT PA**, 7814 131st Street West, Apple Valley, MN 55124, for defendant Cardot.
>
> Jodi L. Johnson, Shushanie E. Kindseth, and Thomas P. Kane, **HINSHAW & CULBERTSON LLP**, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, for defendant Synesi Group, Inc.

This case is before the Court on defendant Stephen Cardot's objections to a Report and Recommendation issued by United States Magistrate Judge Jeanne J. Graham. After a *de novo* review of those objections, *see* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b), the Court adopts the Report and Recommendation for the reasons given below.

## BACKGROUND

According to the complaint filed by plaintiff Transurety, LLC ("Transurety"), Cardot has assigned various interests in intellectual party to a company named Portogo, which has since changed its name to Synesi Group, Inc. ("Synesi"). (Compl., Docket No. 1, ¶¶ 8-10, 12-14.) Transurety contends that Synesi subsequently assigned a portion of those interests to Transurety. (*Id.*, ¶ 15.) Following the initiation of state court actions by Cardot and a Synesi shareholder, Transurety filed this interpleader action in federal district court. Transurety seeks a ruling that it is the rightful assignee of the intellectual property interests originally held by Cardot.

On November 21, 2008, Cardot filed an answer to Transurety's complaint that purported to include a counterclaim against Transurety and a crossclaim against Synesi. (*See* Docket No. 3.) Transurety and Synesi later filed motions to dismiss these claims, and both motions were referred to the Magistrate Judge for a Report and Recommendation. (Docket Nos. 21, 29, 43.) Following a hearing, the Magistrate Judge ordered Cardot to file an amended crossclaim and counterclaim that satisfied Rules 8, 9(b), and 10(b) of the Federal Rules of Civil Procedure. (Docket No. 49.) The Magistrate Judge noted several specific deficiencies that Cardot should address, including (1) the failure of Cardot's pleading to distinguish between allegations against Transurety and allegations against Synesi; (2) the pleading's frequent allegation that misconduct had been carried out by an undifferentiated group of "actors," making it difficult to determine precisely who had allegedly done what, or how any wrongdoers were connected with Transurety or Synesi; (3) the pleading's conclusory assertions that laws had been

violated, without any factual explanation for how those violations occurred; and (4) the pleading's failure to identify particular causes of action in separately enumerated counts. (*Id.*, at 3.) The Magistrate Judge stayed any consideration of the two motions to dismiss pending Cardot's filing of amended pleadings.

On May 18, 2009, Cardot filed an amended answer seeking to address these deficiencies. The Magistrate Judge concluded, however, that this answer retained several fatal flaws, including (1) its failure to effectively distinguish the substantive allegations against Transurety from the allegations against Synesi, and (2) its failure to identify causes of action in separately enumerated counts. In short, the Magistrate Judge concluded that Cardot did not provide a clear enough explanation of his claims for the Court to perform a meaningful assessment of their merits. Accordingly, the Magistrate Judge recommended that Cardot's counterclaim and crossclaim be dismissed with prejudice. Cardot now objects to that recommendation.

## ANALYSIS

"Under Rule 8(a) a claim for relief is required to contain a short and plain statement of the claim." *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983). "Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." *Id*. "But if the [claimant] has persisted in violating Rule 8 the district court is justified in dismissing the [pleading] with prejudice." *Id*.

Here, the Court agrees with the Magistrate Judge that it is appropriate to dismiss Cardot's crossclaim and counterclaim with prejudice. Cardot's counterclaim against Transurety is generically titled "Amended Counterclaim," and fails to include any

heading that identifies a specific type of legal claim. (Am. Answer, Docket No. 50, at 16.) While the thirty-five paragraphs that follow include several assertions that may be relevant to various possible causes of action, Cardot never specifically states what type of claim he is bringing. (*Id*., at 16-21.) This shortcoming came after the Magistrate Judge specifically indicated that one of the failings of Cardot's original counterclaim was that "[t]he pleading does not identify particular causes of action in separately enumerated counts." (Order, Docket No. 49, at 3.)

In addition, these thirty-five paragraphs appear to make allegations against Marcellus P. Knoblach, Rod Miley, Timothy Olish, Francis McClain, the Knoblach Family Trust, the Marcellus P. Knoblach Revocable Trust, "Actors," and Synesi, in addition to Transurety. This inclusion of allegations against non-parties throughout the counterclaim, frequently in paragraphs that have no discernible connection to a cause of action against Transurety, (*see, e.g.*, *id*., at 21, ¶¶ 31-32), further thwarts any efforts to identify and analyze Cardot's counterclaim. This failure came after the Magistrate Judge specifically noted that another of the original answer's failings was that it "frequently alleges misconduct by an undifferentiated group of 'actors' that includes Synesi, Transurety, and other persons who are not parties to this matter. As a result it is often difficult to determine which actor committed misconduct or how that actor might be connected to Synesi and Transurety." (Order, Docket No. 49, at 3.)

In those circumstances, the Court agrees that Cardot's counterclaim leaves room for little more than speculation about what cause of action he is bringing, or what specific factual basis he is asserting as a basis for any cause of action. In light of the Magistrate

Judge's previous requirement that Cardot correct the very deficiencies that are now at issue, the Court agrees that dismissal of Cardot's counterclaim with prejudice is appropriate.[1]

As to Cardot's crossclaim against Synesi, Cardot states in his objections that "Synesi is not a particularly necessary party as to Cardot's claims," and that "[n]o judgment against it can lead to an effective remedy." (Objections, Docket No. 58, at 7.) In addition, in the only part of his objections where he explicitly focuses his objections on his crossclaim, Cardot merely argues that its deficiencies should not lead to the dismissal of his counterclaim. (*Id.*) In light of that near-concession that this crossclaim should be dismissed – as well as this Court's independent determination that Cardot's crossclaim fails to satisfy Rule 8[2] – the Court agrees with the Magistrate Judge that this claim should be dismissed with prejudice as well.[3]

---

[1] The Court also notes that Cardot offers "summaries" of his claims in his objections. In those summaries, however, he fails to even mention Transurety. (Objections, Docket No. 58, at 6-7.) The Court also notes that the allegations in Cardot's amended counterclaim that come nearest to stating a cause of action, (*e.g.*, Am. Answer, Docket No. 50, at 29), hint at different possible claims than the ones that are "summarized" in Cardot's objections.

[2] Specifically, the crossclaim again begins with a heading merely identifying it as "Cross Claim Against Synesi Group, Inc.," without specifically identifying the claim he is bringing. (Am. Answer, Docket No. 50, at 22.) While he provides loose references to several possible causes of action, his five-paragraphs do not provide any specific factual basis for any potential claims, despite the Magistrate Judge's earlier admonition that "[t]he pleading often asserts, in a conclusory fashion, violations of law without offering any allegations to explain how those violations occurred." (Order, Docket No. 49, at 3.) As the Magistrate Judge explained in the Report and Recommendation, it is not the role of the Court to organize a loose collection of facts and legal assertions into a cognizable cause of action.

[3] Transurety includes a footnote in its response to Cardot's objections briefly contending that this Court should go farther than the Magistrate Judge and also strike or dismiss Cardot's affirmative defenses. (Docket No. 61, at 1-2 n.1.) However, because those affirmative defenses

(Footnote continued on next page.)

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, plaintiff's objections [Docket No. 58] are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 4, 2009 [Docket No. 57]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Cardot's crossclaim and counterclaim are **DISMISSED WITH PREJUDICE**.

2. Transurety, LLC's motion to dismiss Cardot's counterclaim [Docket No. 21] is **DENIED AS MOOT**.

3. Synesi Group, Inc.'s motion to dismiss Cardot's crossclaim [Docket No. 29] is **DENIED AS MOOT**.

DATED: September 28, 2009  
at Minneapolis, Minnesota.

                                          s/ John R. Tunheim  
                                          JOHN R. TUNHEIM  
                                         United States District Judge

---

(Footnote continued.)

were not explicitly addressed in the Magistrate Judge's Report and Recommendation – and because Transurety raised this issue in its response to Cardot's objection rather than in an objection of its own – Cardot has had no opportunity to object to their dismissal. Accordingly, the Court declines to address Cardot's affirmative defenses in this Order. The Court adds that to the extent that those defenses assert legal positions that, if proven, would compel the conclusion that Cardot is the rightful owner of the disputed intellectual property, they remain a part of this case. In other words, while Cardot may well have intended to assert his ownership interests through either his counterclaim or crossclaim, the failure of those claims does not in any way bar him from asserting his ownership interests in the course of defending against Transurety's assertion of **its** ownership interests.